1823.

Whittington
vs
Farmers Bank &c

lease. The defendant has not denied that the lease was not recorded, it is therefore not in issue whether it was recorded or not. But it must be taken as not recorded. The complainants had remedy at law. They might have brought their action for use and occupation. But it has been said, that in such an action the defendant might plead *nil habuit in tenementis.* This is not so. A tenant cannot contest the plaintiff's title. 6 *Bac. Ab.* 44. Here the complainants were guilty of laches before they brought their suit at law, and before they came into equity. The loss is by their own negligence. The accumulation of rent is by their fault. That which would bar at law, will bar in equity. The act of limitations is a complete bar.

DECREE AFFIRMED.

JUNE (E. S.) WHITTINGTON *vs.* THE FARMERS BANK OF, &c.

It is no objection to a protest of a promissory note, that it is stated to have been made at the request of *The Farmers Bank of,* &c. instead of *The President,* &c. the corporate name The protest of a promissory note is not evidence of itself in chief of the fact of a demand on the drawer. If the notary public was dead, the case would be governed by different considerations.

APPEAL from *Worcester* county court. In the report of this case in 5 *Harr. & Johns.* 499, a mistake has occurred in a part of the court's opinion delivered on the *third* bill of exceptions, which it is deemed proper to correct. In that bill of exceptions it is stated, that the plaintiffs below, (the appellees,) having read in evidence the promissory note, on which the action was instituted, offered in evidence a protest of the note, made by a notary public. To which the defendant objected, on the ground that the protest appeared to have been made at the request of *The Farmers Bank of Somerset and Worcester,* instead of *The President and Directors of the Farmers Bank of Somerset and Worcester,* (the corporate name of the plaintiffs, and by which name they brought their action.) This objection the court below overruled, and the defendant excepted, &c. The following is the corrected opinion of this court as delivered by

DORSEY, J. This court concur with the court below in the opinions expressed by them in the 1st, 2d, 4th, &c. bills of exceptions; but they *think, that though the court did right in not sustaining the objection made by the appellant to the form of the protest, set out in the third bill of exceptions, there was error in permitting it* to go to the jury. We hold it to be clear, that the protest of a promissory note is

not evidence of itself in chief of the fact of demand; and as there is no parol proof of a demand set forth in the exception, it is difficult to conceive that the protest was produced for any other purpose than proving a demand on the drawer. If the notary public had been dead, and this fact appeared by the record, the case would have been governed by different considerations. We are of opinion that the judgment of the court below must be reversed.

JUDGMENT REVERSED, AND PROCEDENDO AWARDED.